

*1039863454*

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAR 28 2018

RICK WARREN
COURT CLERK

| | |
|---|---|
| HERITAGE SQUARE, LLC, an Oklahoma Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, a foreign insurance corporation, and LISA M. HOLLIDAY, an individual, and LEONARD LIPPS, an individual<br><br>Defendants. | Case No: **CJ-2018-1700**<br><br>**JURY TRIAL DEMANDED** |

### PETITION

COMES NOW the Plaintiff, Heritage Square, LLC, and for its cause of action against Defendants, Endurance American Specialty Insurance Company, Lisa M. Holliday and Leonard Lipps, alleges and states:

1. Defendant, Endurance American Specialty Insurance Company ["EASIC"] may be served with process through its designated service agent, identified as John Doak, Oklahoma Insurance Commissioner, 5 Corporate Plaza, Suite 100, 3625 NW 56th Street, Oklahoma City, Oklahoma 73112.

2. The involved commercial building, located in Oklahoma City, was insured by EASIC, Policy No. CBP20000033202, effective August 13, 2016 through August 13, 2017. The subject policy was in full force and effect at all times pertinent hereto.

3. The subject insured property was damaged by a wind and hail storm on or about April 29, 2017, while insured by EASIC.

EXHIBIT
6

## COUNT I

This claim is against Defendant EASIC. All previous allegations are incorporated by reference and Plaintiff further alleges and states:

4. Plaintiff gave proper and timely notice of this claim and proof of loss of the claim to Defendant, EASIC through its representatives, and otherwise complied with all conditions precedent for recovery under the subject insurance policy.

5. In its handling of Plaintiff's claims, Defendant EASIC breached the insurance contract and breached the implied covenant of good faith and fair dealing in the insurance contract, as a matter of routine business practice in handling such claims, in the following respects:

   a. failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that it was entitled to those benefits;

   b. failing to properly investigate Plaintiff's;

   c. withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

   d. refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

   e. refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

   f. refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

   g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

   h. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

   i. utilizing pre-determined positions to support denial rather than searching out objective information and evidence to evaluate the claim;

j. forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

k. failing to properly evaluate any investigation that was performed;

l. attempting to shift to their insured the duties to fully investigate, properly evaluate, and promptly pay policy benefits; and,

m. hiring biased engineers to utilize reports to improperly attribute covered damage to non-covered losses,

all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to the Defendant.

6. As a result of Defendant's refusal to honor the policy, Plaintiff has been damaged in loss of the policy benefits, time and expense in connection with Defendant's actions, and other consequential damages.

7. Defendant's actions have been willful and malicious or grossly reckless and wanton and Plaintiff is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant, Endurance American Specialty Insurance Company, in an amount in excess of $75,000.00 for compensatory damages and against Defendant Endurance American Specialty Insurance Company in an amount in excess of $75,000.00 for punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable.

**COUNT II**

All previous allegations are incorporated by reference and Plaintiff further alleges and states:

8. Defendants, EASIC, Lisa Holliday, a Rimkus Engineer, and Leonard Lipps, Endurance American Adjuster intentionally trespassed on the roof of Plaintiff's building without permission from Plaintiff.

9. Plaintiff hired Public Adjuster James Prather to assistant with the adjustment of this insurance claim. On May 3, 2017, Mr. Prather sent Defendant EASIC a letter of representation notifying the insurance company that their insured (Plaintiff) had retained James Prather to represent its interests and to help settle the insurance claim. The letter also informed EASIC that James Prather was granted the authority to represent Plaintiff's interests for the purpose of settling all claims arising out of the subject loss. Through the Plaintiff's agreement with Mr. Prather, only Mr. Prather or the property owner, was able to grant permission for persons to access the property.

10. Mr. Prather attempted to work with Mr. Lipps to adjust this claim appropriately, including conducting several initial inspections of the insured premises with Mr. Lipps. During these initial inspections, Mr. Lipps was granted access the building's roof with the permission of Mr. Prather. After Mr. Prather was hired, Defendants EASIC and Leonard Lipps were granted permission to enter the insured premises only with the assistance and accompaniment of Mr. Prather.

11. Later in the claim, Defendant EASIC hired Rimkus Engineer Lisa Holliday to conduct an inspection of the roof. Mr. Prather arranged to meet Mrs. Holliday and Mr. Lipps where the adjusters had previously met to begin inspections, at the front of the insured premises. The agreed meeting time was October 3, 2017 at 1:00 p.m. Mr. Prather arrived at 1:00 p.m. and waited at the front of the building for approximately 20 minutes. He became concerned that the representatives of the insurer were not

coming, and called Mr. Lipps. Mr. Lipps informed him that he had accessed the roof with the engineer without permission or aid of Mr. Prather. Furthermore, Mr. Lipps said they were wrapping up their inspection.

12. At this time, it is unknown how long Defendants Lisa Holiday and Leonard Lipps were trespassing on the insureds' roof.

13. As a result of this trespass, Plaintiff has been damaged in an amount to be proved at trial. In addition, as a result of the Defendants trespass, Plaintiff was unable to present to their insurer, and their insurer's engineer, applicable claimed damage during the inspection.

**WHEREFORE**, Plaintiff demands judgment against Defendants, Endurance American Specialty Insurance Company, Lisa Holliday and Leonard Lipps, in an amount in excess of $75,000.00 for compensatory damages and against Defendants Endurance American Specialty Insurance Company, Lisa Holliday and Leonard Lipps in an amount in excess of $75,000.00 for punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable.

MANSELL ENGEL & COLE

Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
M. Adam Engel, OBA #32384
101 Park Avenue, Suite 665
Oklahoma City, OK 73102-7102
T: (405) 232-4100 ** F: (405) 232-4140
Firm Email: mec@meclaw.net

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**