## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

HERITAGE SQUARE, LLC, an )
Oklahoma Limited Liability )
Company, )
          )
          Plaintiff, )
          )
-vs- )   Case No.  CIV-18-426-F
          )
ENDURANCE AMERICAN )
SPECIALTY INSURANCE )
COMPANY, a foreign insurance )   District Court of Oklahoma County
corporation, LISA M. HOLLIDAY, an )   Case No. CJ-2018-1700
individual, and LEONARD LIPPS, an )
individual, )
          )
          Defendants. )

## ORDER

Before the court is Plaintiff's Motion to Remand, filed May 9, 2018.  Doc. no. 4.  Defendants, Endurance American Specialty Insurance Company and Lisa M. Holliday, have responded to the motion and plaintiff has replied.  Upon due consideration of the parties' submissions, the court makes its determination.

### I.

Plaintiff, Heritage Square, LLC ("Heritage"), originally commenced this action in the District Court of Oklahoma County, State of Oklahoma.  In the state court petition, plaintiff alleged claims against defendant, Endurance American Specialty Insurance Company ("EASIC"), for breach of the parties' insurance contract and breach of the implied covenant of good faith and fair dealing in the insurance contract.  Plaintiff also alleged trespass claims against defendants, Lisa

M. Holliday ("Holliday") and Leonard Lipps ("Lipps").  At all relevant times, Holliday, a structural engineer, and Lipps, an independent adjuster, were acting on behalf of EASIC in the investigation of plaintiff's storm damage insurance claim.  According to Heritage, Holliday and Lipps intentionally trespassed on its roof without permission in conducting an inspection.

EASIC removed plaintiff's action to this court based upon diversity jurisdiction, 28 U.S.C. § 1332(a).  Although, like Heritage, Holliday and Lipps are citizens of Oklahoma, EASIC alleged in the Notice of Removal that the citizenship of Holliday and Lipps should be disregarded for purposes of determining diversity jurisdiction because these defendants were fraudulently joined to state court action.  Specifically, EASIC alleged that Heritage cannot recover on its trespass claims because (i) Heritage failed to allege any injury to its property and (ii) Holliday and Lipps entered Heritage's property with Heritage's express or implied permission.

With its motion, Heritage seeks to remand the action to state court. Heritage contends that Holliday and Lipps were not fraudulently joined. Heritage asserts that Holliday and Lipps were aware they did not have general permission to enter its property to conduct an inspection on the day in question. Heritage states that its public adjuster, James Prather ("Prather"), specifically informed Lipps that he needed to contact Prather to schedule any inspections of the property and that inspections could only occur with Prather present.  Heritage points out that Lipps had scheduled two earlier inspections of the property and Prather was present for both inspections.  According to Heritage, the intentional entry of Holliday and Lipps onto its property without Prather present constitutes a trespass *quare clausum fregit* and at least nominal damages are presumed. Nonetheless, with respect to damages, Heritage contends that it has pled

damages in excess of $75,000, has pled that it has been damaged in amount to be proven at trial and has further pled special damages in the form of its inability to present its damage claim to EASIC and Holliday during the inspection.

EASIC and Holliday[1] respond that Heritage implicitly (if not explicitly) gave its permission for Holliday and Lipps to inspect the roof.  Defendants point out that under the express terms of the insurance policy, Heritage was "[a]s often as may reasonably be required, [to] permit [EASIC] to inspect the property proving the loss or damage." Doc. no. 1, ex. 15, ¶ 3 (6).  Defendants assert that Holliday and Lipps entered the property on EASIC's behalf to perform a roof inspection.  EASIC and Holliday contend that Heritage never alleged in its petition that Prather stated or suggested to Lipps or Holliday that they did not have permission to be on the roof or that they were trespassing.  Defendants point out that Prather had explicitly authorized Holliday and Lipps to conduct a roof inspection on the day in question.  Thus, based on the right granted under the policy (and with Prather not having expressly revoked that right), defendants contend that Holliday and Lipps, at the very least, had implied permission to access the roof.  In addition, EASIC and Holliday assert that the state court petition fails to allege actual or nominal damages.  According to defendants, these damages are not presumed without proper pleadings.  Specifically, EASIC and Holliday posit that nominal damages are only available when expressly sought by the plaintiff.  Moreover, defendants point out that Heritage has alleged in its petition a very specific type of recovery.  Further, defendants contend that Heritage relies upon allegations, supported by exhibits to its motion, which are beyond the four corners of the petition and should not be considered.  Defendants

---

[1] For her response, Holliday has adopted the response of EASIC to Heritage's remand motion.

3

additionally contend that Heritage is seeking to circumvent Oklahoma law which restricts claims against insurance company representatives involved in the claims process.  Finally, EASIC and Holliday argue that there is no legitimate purpose for the trespass claims against Holliday and Lipps because EASIC is vicariously liable for the acts of Holliday and Lipps during the claims investigation process.

In reply, Heritage argues that Holliday and Lipps did not have implied permission to enter its property and climb onto the roof.  Heritage contends that the policy does not allow EASIC's representatives carte blanche to enter the property whenever they choose and irrespective of the circumstances.  Heritage states that Holliday and Lipps knew that they did not have implied permission to enter the property because they called Prather and scheduled the inspection for when Prather could be available.  Heritage contends that Holliday and Lipps violated the agreement they made by entering the property without Prather being present.  Heritage maintains that their entry was wholly unauthorized and constitutes a trespass.

With respect to damages, Heritage posits that Holliday and Lipps' unauthorized entry onto its land is in fact the damage.  The trespass causes damage, Heritage asserts, because the right protected is the right to exclusive possession to property and the trespass violates that right.  As to the argument of not pleading nominal damages, Heritage contends that statutory law, specifically, 23 O.S. § 98, allows nominal damages to be awarded where a breach of duty is shown, but there is insufficient evidence to support the award of actual damages.  In any event, Heritage contends that its petition can be viably amended to allege nominal damages.  Further, Heritage argues that it is proper on a remand motion to present evidence outside the pleadings since the court, in considering

the issue of fraudulent joinder, is authorized to pierce the pleadings.  Lastly, Heritage asserts that irrespective of whether Holliday and Lipps may have been acting on behalf of EASIC during the claims investigation process, they may be held liable for their intentional torts.

II.

"To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013) (quotation omitted).  EASIC and Holliday rely upon the second method to establish fraudulent joinder and bear a heavy burden of doing so.  Id.  To prove the second method, defendants must demonstrate that there is no possibility that Heritage would be able to establish a cause of action against Holliday and Lipps.  Montano v. Allstate Indemnity, No. 99-2225, 211 F.3d 1278, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000).  The court, in determining whether there is any possibility of recovery, may pierce the pleadings, consider the entire record and determine the basis of joinder by any means available.  Smoot v. Chicago, Rock Island and Pacific Railroad Co., 378 F.2d 879, 882 (10th Cir. 1967).  All factual and legal issues must be resolved in favor of Heritage.  Dutcher, 733 F.3d at 988.

Upon review, the court concludes defendants have not satisfied their heavy burden of demonstrating that Holliday and Lipps were fraudulently joined.  In the court's view, Heritage's trespass claims against Holliday and Lipps are "possibly viable" given the facts alleged and those existing in the record.  Montano, 2000 WL 525592, at *2.  The court cannot say that Holliday and Lipps, based upon the language of the insurance contract, were authorized to climb upon Heritage's roof without Prather's knowledge and presence.

5

Although the contract permitted EASIC to inspect the property, it did not permit the inspection at any time and without the insured or its agent being there.  Lipps knew that Prather had been given authority to represent Heritage's interest concerning the insurance claim.  He also knew that Prather would need to be contacted to set up or schedule an inspection.  Prior to the day in question, Lipps had previously scheduled inspections of the property and Prather granted him permission to enter the property only with his assistance and accompaniment.  While Holliday and Lipps had set up an inspection on the day in question, they entered the property and climbed upon the roof without Prather's knowledge and presence.  The court finds that the circumstances in this case are distinguishable from those in Romero v. Hartford Casualty Insurance Co., No. 16-1335-RB-LF, 2017 WL 8220447 (D.N.M. Aug. 3, 2017).  As to damages, Heritage has alleged facts to support a request for nominal damages.  The failure to allege the damages can be remedied with an amended petition.  The court concludes that the failure to allege nominal damages does not warrant a finding of fraudulent joinder.  Finally, although Holliday and Lipps were agents of EASIC, they nonetheless may be held individually liable for their tortious acts.  Shebester v. Triple Crown Insurers, 826 P.2d 603, 609 n. 21 (Okla. 1992).

III.

As for the *actual* motive for joining the non-diverse defendants (*e.g.*, keep the case out of federal court), this case does not pass the smell test.  In the overall scheme of things, it seems quite unlikely that, in Heritage's view, the sun rises and sets on the trespass claims.  Those claims are in the case in the hope (well-founded, as it turns out) that Heritage could force EASIC to litigate in state

6

court.  But Heritage's subjective motive is irrelevant.[2]  What matters is whether the trespass claims asserted against the non-diverse defendants are obvious nonstarters.  For the reasons stated in this order, the defendants, as the parties with the burden to establish removal jurisdiction, have not demonstrated to the satisfaction of the court that trespass claims are obvious nonstarters.  Accordingly, based upon the foregoing, Plaintiff's Motion to Remand (doc. no. 4) is **GRANTED**.  This action is **REMANDED** to the District Court of Oklahoma County, State of Oklahoma.

In light of the court's ruling, Defendant Lisa M. Holliday's Motion to Dismiss and Defendant Leonard Lipps' Rule 12(b)(6) Motion to Dismiss are **DENIED** as **MOOT**.

IT IS SO ORDERED this 14th day of June, 2018.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0426p002.docx

---

[2] 16 James WM Moore, Moore's Federal Practice, § 107.52[4][a] (3d ed. 2018) ("[T]he motive of the plaintiff in joining the challenged party is immaterial to the determination of whether the plaintiff has a state law cause of action against that party.)